UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

NANDE YEGGER
on behalf of herself and all
others similarly situated,

       Plaintiff,

v.

TRN MILWAUKEE, LLC

       Defendant

Case No. 20-cv-144

## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff, Nande Yegger ("Yegger"), on behalf of herself and all others similarly-situated, and Defendant, TRN Milwaukee, LLC ("Defendant"), jointly move this Court for approval of the settlement in this matter in accordance with the parties' executed "Settlement and Release of Claims," attached hereto as Exhibit A ("Settlement Agreement").

For settlement purposes only, the parties seek certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), of a collective composed of current and former hourly-paid non-exempt employees employed by TRN Milwaukee, who (i) were employed on or after January 1, 2017, (ii) received non-discretionary bonuses or shift differentials, and (iii) worked more than forty (40) hours in any of the workweeks during a week in which the non-discretionary bonus or shift differential was paid.

The parties believe that the Settlement Agreement is fair and reasonable because it fully and adequately satisfies this Court's criteria for collective action settlements.

As such, the parties respectfully request that this Court:

1

(1) Approve the terms and conditions as memorialized in the parties' written Settlement Agreement as fair, reasonable, and adequate;

(2) Order Final Certification for settlement purposes of a collective action under FLSA, 29 U.S.C. § 216(b);

(3) Approve the Notice of Settlement and Consent Form that will be sent to the members of the collective in a form that is substantially similar to that which is attached to the Settlement Agreement as Exhibit 2;

(4) Find that the Notice of Settlement attached to the Settlement Agreement as Exhibit 2 constitutes the best notice practicable under the circumstances, including individual notice to all members of the collective who can be identified with reasonable effort, and that the Notice of Settlement constitutes a valid, due, and sufficient notice to members of the collective in full compliance with the requirements of applicable law;

(5) Order that Plaintiff's Counsel distribute the Notices of Settlement, Consent Forms, and blank W-9 Forms to all members of the collective within ten (10) calendar days following the entry of the Order, (Exhibit A, Section VII, ¶ C);

(6) Order that each member of the collective who wishes to make a claim under this Settlement must return a signed Consent Form and W-9 Form per the instructions set forth in the Notice, and that his/her Opt-In Form must be faxed, e-mailed, or post-marked and addressed to or received by Plaintiff's counsel no later than thirty (30) calendar days following mailing of the Notices (the "Opt-In Period"), (Exhibit A, Section VII, ¶ C);

(7) Order that Defendant distribute settlement checks to Plaintiff's Counsel for each member of the collective who makes a claim under this Settlement within sixty (60) calendar days after the close of the Opt-In Period, (Exhibit A, Section VII, ¶ D);

(8) Order that Plaintiff's Counsel distribute to each member of the collective who makes a claim under this Settlement the settlement checks received from Defendant within a reasonable time after receipt;

(9) Grant Plaintiff's Counsel's Motion for Approval of Attorneys' Fees & Costs in the amount of $23,167.67, (ECF No. 15); and

(10) Grant Plaintiff's Motion for Approval of Plaintiff Yegger's Service Award in the amount of $2,500.00, (ECF No. 20).

\*\*\*

Finally, in accordance with the terms and conditions of the parties' executed Settlement Agreement and upon this Court's approval of the parties' Settlement Agreement, the parties will file a Joint Stipulation for Dismissal of the Lawsuit with prejudice within seventy-five (75) calendar days after the close of the Opt-In Period. The parties request that this Court maintain jurisdiction over the settlement process until that time.

Dated this 22nd day of June, 2020

| | |
|---|---|
| *s/* **Scott S. Luzi** | *s/* **Tony H. McGrath** |
| Scott S. Luzi, SBN 1067405 | Tony H. McGrath, SBN 1042806 |
| WALCHESKE & LUZI, LLC | Jackson Lewis P.C. |
| 15850 W. Bluemound Road, Suite 304 | 1 South Pinckney Street, Suite 930 |
| Brookfield, Wisconsin 53005 | Madison, Wisconsin 53703 |
| Telephone: (262) 780-1953 | Telephone: (608) 807-5274 |
| Email: sluzi@walcheskeluzi.com | Email: Tony.McGrath@JacksonLewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

4838-6722-6303, v. 1