UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

|  |  |  |
|---|---|---|
| NANDE YEGGER, on behalf of herself and all others similarly situated, | : : : | Case No. 20-cv-144 |
| Plaintiff, | : : | |
| v. | : : | |
| TRN MILWAUKEE, LLC | : : | |
| Defendant. | : : | |

---

## SETTLEMENT AND RELEASE OF CLAIMS

---

This Stipulation of Settlement and Release of Claims ("Settlement Agreement") is entered into between Plaintiff, Nande Yegger, individually and on behalf of the FLSA collective and WWPCL class described below, by and through their attorneys, Walcheske & Luzi, LLC ("Plaintiff's Counsel"), and Defendant, TRN Milwaukee, LLC ("Defendant"), by and through its attorneys, Jackson Lewis P.C. The Plaintiff and the Defendant are hereinafter collectively referred to as "the Parties."

I.      **Recitals and Background**

A.      Plaintiff filed the Complaint on January 30, 2020, in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division) alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Wisconsin Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.,* Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL").  (Dkt. 1).

B.     Defendant timely filed an Answer to the Complaint disputing the material allegations both as to fact and law and denying any liability to Plaintiff and/or any allegedly similarly situated individuals, including members of the proposed Settlement Collective defined herein. (Dkt. 8).

C.     For purposes of settlement only, the Parties seek certification of an "opt-in" collective class pursuant to the FLSA, 29 U.S.C. § 216(b), as defined in Section III.A of this Settlement Agreement (the "Settlement Collective"). The Parties do not seek any certification under Rule 23 as part of this Settlement Agreement.

D.     Attorney Scott S. Luzi ("Plaintiff's Counsel") has conducted a thorough investigation of the claims against Defendant sought to be certified under this Settlement Agreement, including interviewing witnesses and reviewing payroll information produced by Defendant.

E.     Based on each party's independent investigation and evaluation, the Parties believe that settlement for the consideration of and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of Plaintiff and potential members of the Settlement Collective in light of all known facts and circumstances, including the risk of delay, allegations asserted by Plaintiff, defenses asserted by Defendant, and numerous potential appellate issues.

F.     Defendant expressly denies any liability or wrongdoing of any kind associated with the claims in this litigation and in Plaintiff's Complaint. Defendant contends that it has complied with applicable federal and state law at all times, and that if they violated any law such violation was not willful and was done with a good faith belief that its activities were lawful. By entering into this Settlement Agreement, Defendant do not admit any liability or wrongdoing and

expressly deny the same. It is understood and agreed by the Parties that this Settlement Agreement is being entered into by Defendant solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the Settlement Agreement, the settlement proposals exchanged by the Parties, or any motions filed or Orders entered pursuant to the Settlement Agreement, is to be construed or deemed as an admission by Defendant of any liability, culpability, negligence, or wrongdoing.

G.  In consideration of the foregoing and other good and valuable consideration, the Parties stipulate and agree that the claims against Defendant held by Plaintiff Yegger and those members of the Settlement Collective who opt into this Settlement Agreement should be and, in fact, are hereby compromised and settled, subject to the approval of the Court, subject to the terms and conditions set out in this Settlement Agreement.

H.  The Parties shall ask the Court to approve the Settlement Agreement with respect to all claims settled in this Settlement Agreement.

I.  This Settlement Agreement sets forth the entire agreement between the Parties hereto and supersedes all prior agreements or understandings, written or oral, between the Parties.

## II.  CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT AGREEMENT

A.  No later than 14 days after this Agreement becomes fully-executed, the Parties agree to file a Joint Motion for Approval of this Agreement that includes a fully-executed copy of this Agreement, the list of settlement allocations, and a draft Notice of Settlement and Consent Form. The Joint Motion shall inform the Court, among other things, that the Parties anticipate filing a Joint Stipulation for Dismissal of the Lawsuit with prejudice within seventy-five (75)

calendar days after the close of the Opt-In Period and ask that the Court maintain jurisdiction over the settlement process until that time.

B.    On or around the same day on which the Joint Motion is filed, Plaintiff's Counsel shall file a Motion for Approval of Attorneys' Fees & Costs and, if necessary, a Motion for Approval of Plaintiff Yegger's Service Award.

C.    This Settlement Agreement will become final and effective only if the Court enters an order granting approval of the settlement and certification of the Settlement Collective (for the purposes of settlement only).

D.    The Parties agree that if the Court does not approve any non-monetary aspect of the settlement as set forth herein, the Parties will work in good faith to conform the terms of the agreement to resolve the Court's objections.  If an objection cannot be resolved in a manner sufficient to allow the Court to grant approval, then this Settlement Agreement will be deemed void *ab initio*.

E.    If the Court grants approval of this Settlement Agreement, the Parties shall proceed with claims procedure outlined in Section VII.D of this Agreement.  Plaintiff's Counsel agrees to execute and file with the Court a Joint Stipulation of Dismissal of the Lawsuit with prejudice within seventy-five (75) calendar days after the close of the Opt-In Period set out therein.

## III.    FLSA COLLECTIVE CERTIFICATION

A.    For settlement purposes only, the Parties stipulate to certification of the following opt-in collective (the "Settlement Collective") under the Fair Labor Standards Act:

> All current and former hourly-paid non-exempt employees employed by TRN Milwaukee, who (i) were employed on or after January 1, 2017, (ii) received non-discretionary bonuses or shift differentials, and (iii) worked more than forty (40) hours in any of

the workweeks during a week in which the non-discretionary bonus or shift differential was paid.

B.    The stipulation to certify the Settlement Collective is contingent upon approval of this Settlement Agreement by the Court and is made for settlement purposes only. If the settlement is not approved by the Court or does not become final for any other reason, the Parties agree that the certification is void *ab initio* and that Defendant retains the right to object to any class or collective treatment.

## IV.    SETTLEMENT CONSIDERATION

A.    Defendant agrees to pay up to a maximum, but no more than, Sixty Five Thousand Dollars and Zero Cents ($65,000.00) (hereinafter, the "Maximum Settlement Amount") to be distributed pursuant to the claims procedure set forth in Section VIII in consideration for full and final settlement of:

1.    All claims as defined in Section IX of Plaintiff Yegger and each individual who opts into the Settlement Collective;

2.    Any and all attorneys' fees and litigation costs associated with representation of Plaintiff Yegger and the Settlement Collective (including costs related to administering the settlement) (as further detailed in Section V, below); and

3.    A service payment to Plaintiff Yegger (as further detailed in Section VI, below).

B.    Defendant shall be separately responsible for payment of Defendant's share of employer-side payroll taxes resulting from settlement payments to the Settlement Collective that are classified as wages. Such payments shall not come out of the Maximum Settlement Amount.

C. The consideration that will be provided by Defendant to those who opt into the Settlement Collective is, in part, for the Release provided in Section IX and is a material part of this Settlement Agreement.

D. The Maximum Settlement Amount shall remain in the possession, custody, and control of Defendant until the settlement amounts are distributed as set forth herein.

E. In the event that this Settlement Agreement is canceled, rescinded, terminated, voided, nullified, or the settlement of the litigation is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by the Court or any court of competent jurisdiction, Defendant will cease to have any obligation to pay or provide any portion of the settlement funds to anyone under the terms of this Settlement Agreement and all previous disbursements from the settlement funds shall be paid back to Defendant by the person or entity who received such disbursements.

## V. ATTORNEYS' FEES AND COSTS

A. Plaintiff's Counsel shall make an application to the Court for an award of attorneys' fees of one-third (33.33%) of the Maximum Settlement Amount, or Twenty-One Thousand, Six-Hundred, Sixty-Six Dollars and Sixty-Seven Cents ($21,666.67), plus litigation and administration related costs and expenses in an amount of up to One Thousand, Five Hundred Dollars and Zero Cents ($1,500.00), for a total amount of up to Twenty-Three Thousand, One-Hundred, Sixty-Six Dollars and Sixty-Seven Cents ($23,166.67). Defendant will not oppose this request. This award will come from the Maximum Settlement Amount, and not in addition to it.

B. Payment of the fees and costs to Plaintiff's Counsel in the amount approved by the Court shall constitute full satisfaction of any and all obligations by Defendant to pay any

person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of Plaintiff Yegger and all members of the Settlement Collective who opt in to this settlement.

C.     Plaintiff's Counsel shall provide a completed IRS Form W-9 to Defendant. All amounts approved as attorneys' fees and costs will be reported on an IRS Form 1099.

D.     All amounts approved as attorneys' fees and costs will be paid to Plaintiff's Counsel by Defendant via corporate check within thirty (30) calendar days after the approval of this Settlement Agreement by the Court.

## VI.     SERVICE PAYMENT TO PLAINTIFF YEGGER

A.     The Parties agree to allocate to Plaintiff Yegger a service payment in the amount of Two-Thousand Five-Hundred Dollars and No Cents ($2,500.00), which is exclusive of any amount allocated to Plaintiff Yegger as a member of the Settlement Collective. This payment will come from the Maximum Settlement Amount, and not in addition to it.

B.     Plaintiff will petition the Court for approval of this service payment. Defendant will not oppose this request. The Parties agree that if any lesser amount is approved by the Court, the difference between the requested amount and the approved amount shall be retained by Defendant. Any service amount approved by the Court will be reported on IRS Form 1099; Plaintiff Yegger shall provide a completed IRS Form W-9 to Defendant.

C.     In exchange for the service payment, Plaintiff Yegger knowingly and voluntarily releases and forever discharges Defendant, any parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, professional employer organizations, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (the "Released Parties"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have

against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990 ("ADA");
- The Age Discrimination in Employment Act of 1967 ("ADEA")
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;

- The Wisconsin Fair Employment Act, Wis. Stat. §§ 111.31 *et seq*.;
- The Wisconsin Disability Discrimination Act, Wis. Stat. §§ 111.34 *et seq*.;
- The Wisconsin Family or Medical Leave Act, Wis. Stat. §§ 103.10 *et seq*.;
- The Wisconsin Minimum Wage Act, Wis. Stat. §§ 104.001 *et seq*.;
- The Wisconsin Wage Payments, Claims, and Collections Act, Wis. Stat. §§ 109.01 *et seq*.;
- any other federal, state or local law, rule, regulation, or ordinance
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

D.      This release does not waive any claims Yegger may have against Defendant under unemployment insurance or worker's compensation laws.  Nothing in this Agreement prohibits or prevents Yegger from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws, to the extent that such right to file is not subject to waiver. However, to the maximum extent permitted by law, Yegger agrees that if such an administrative claim is made to such an anti-discrimination agency, Yegger shall not be entitled to recover any individual monetary relief or other individual remedies.  In the event that Yegger files a charge or complaint with the Wisconsin Department of Workforce Development Equal Rights Division,

Yegger acknowledges and agrees that such charge or complaint shall be dismissed prior to the completion of an investigation pursuant to Wis. Admin. Code § DWD 218.06(3)2.

E.     Yegger acknowledges that Yegger has no right to any future employment with Defendant, its successors, or assigns. Yegger covenants not to apply for or seek employment with Defendant, its related entities, successors, or assigns. Any applications for future employment submitted by Yegger will be denied based solely on the terms of this Agreement and no other reason(s) shall be attributed for such denial. The Parties agree that this Paragraph is a negotiated, non-discriminatory, and non-retaliatory term of this Agreement.

## VII.    CLAIMS PROCEDURE

A.     The Parties have computed an allocation of settlement amounts to include in the Notice of Settlement by following the steps set out in this paragraph. Each member of the Settlement Collective has been assigned a percentage, calculated by dividing the overtime wages allegedly owed to that individual by the total overtime wages allegedly owed to the entire Settlement Collective (the "Pro Rata Percentage"). The preliminary allocation for each individual was then calculated by multiplying each individual's Pro Rata Percentage by the monies remaining in the Maximum Settlement Amount after subtracting Plaintiff's Counsel's request for fees and costs (section V) and the service award to Plaintiff Yegger (section VI). The Parties estimate that each individual who opts into the settlement will receive approximately 107% of the overtime wages allegedly owed over a three-year limitations period. A copy of the Parties' calculations are attached hereto as **Exhibit 1**.

B.     The Parties agree that if the Court approves payment of attorneys' fees and costs in an amount less than $23,167.67, or an amount less than $2,500 for the service payment to Plaintiff Yegger, the remaining amount shall be retained by Defendant.

C.     Not later than ten (10) calendar days following the entry of the order approving the settlement, Plaintiff's Counsel shall mail to each member of the Settlement Collective at his or her last-known home address: (i) the court-approved Notice of Settlement and Consent Form (**Exhibit 2**), and (ii) an IRS Form W-9.  The Notice of Settlement and Consent Form shall inform each member of the 30-day period beginning on the date of mailing to return a signed written consent form (the "Opt In Period"), as well as the need to return the completed Forms W-9.

D.     For each member of the Settlement Collective who returns both a signed written consent form and a signed Form W-9 within the Opt In Period, Defendant will issue two settlement checks.  All settlement checks shall be delivered to Plaintiff's Counsel within sixty (60) days after the close of the Opt In Period.

     1.     One check will constitute sixty-seven percent (67%) of that individual's settlement payment, which shall be classified as wages and paid *less ordinary tax withholding and all required deductions*.  Withholding shall be calculated using the last Form W-4 submitted to Defendant in connection with the individual's employment.  If Defendant is unable to locate a Form W-4 for any individual, Defendant may use the backup withholding rates set out in the most recent version of IRS Publication 15 (Circular E) Employer's Tax Guide.  Defendant will issue an IRS Form W-2 in connection with this payment.

     2.     The other check will cover the remaining thirty-three percent (33%) of the settlement payment and shall constitute payment for liquidated damages and/or prejudgment interest.  Each individual *must* submit an IRS Form W-9 in order to receive this payment.  Defendant and Plaintiff's Counsel will work

in good faith to obtain signed Form W-9s from all individuals who opt into the settlement. Defendant will issue an IRS Form 1099 in connection with this payment.

E.     Defendant shall have no obligation to pay, and shall retain, any settlement amounts allocated to individuals who do not return a signed written consent form and/or a signed Form W-9 within the 30-day period. Members of the Settlement Collective who do not opt in to the Settlement Agreement shall not waive any rights and, concomitantly, shall not receive any consideration under this Agreement. Any settlement amounts allocated to individuals who fail to cash their settlement checks within 90 days of the date of issuance shall revert to the Defendant. Neither Defendant, Defendant's Counsel, nor Plaintiff's Counsel will discourage members of the Settlement Collective from participating in this settlement.

## VIII.   UNCASHED CHECKS

A.     Members of the Settlement Collective will have ninety (90) days from the date of issuance of their settlement checks in which to negotiate (deposit or cash) them. Defendant will cooperate with members of the Settlement Collective and Plaintiff's Counsel to reissue any lost or damaged settlement checks during the 90-day period.

B.     Any settlement checks that have not been negotiated within the ninety (90) day negotiation period will be void. In such event, those individuals will be deemed to have waived irrevocably any right or claim to their settlement amount; however, such waiver will have no impact on their release pursuant to Section IX below.

## IX.   RELEASE OF CLAIMS

A.     Each and every member of the Settlement Collective who returns a signed written consent form within the 30-day period knowingly and voluntarily completely releases and covenants not to sue Defendant, and its, parent companies, divisions, subsidiaries, joint

employers, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, attorneys, employees, agents, and representatives from/for any and all past and present matters, claims, demands, and causes of action for unpaid wages, minimum wages, overtime pay, wage complaint retaliation, liquidated damages, penalties, attorneys' fees and costs, and interests under the FLSA, 29 U.S.C. § 201, *et. seq.*; Chapters 103, 104, 109, and 111 of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code, or common law, which any such Settlement Collective member has or might have, known or unknown, that has arisen or could have arisen at any time from the commencement of employment with Defendant up to the date the Court grants approval of this Settlement Agreement.

B.     All Members of the Settlement Collective represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

## X.     MUTUAL FULL COOPERATION

A.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of the Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by the Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of the Settlement Agreement, Plaintiff's Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's approval of the Settlement Agreement.

## XI. NOTICES

A. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

B. To the Settlement Collective:

Scott S. Luzi
WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005

C. To the Defendant:

Tony H. McGrath
Jackson Lewis P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703

## XII. CONSTRUCTION

The Parties hereto agree that the terms and conditions of the Settlement Agreement are the result of lengthy, intensive, arms-length negotiations among the Parties, and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of the Settlement Agreement.

## XIII. SIGNATORIES

A. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

B. It is agreed that because the members of the Settlement Collective are so numerous, it is impossible or impractical to have each member of the Settlement Collective who opts in to the settlement execute the Settlement Agreement. The Notices of Settlement will

advise all members of the Settlement Collective that, if they sign and return the consent form, they will release their claims against Defendant, and that the release will have the same force and effect as if the Settlement Agreement were executed by each member of the Settlement Collective who opts in to the settlement.

## XIV.   COUNTERPARTS

The Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

**IN WITNESS WHEREOF**, the undersigned have duly executed this Settlement Agreement:

**PLAINTIFF YEGGER**
**By**

_____
Signature

Nande yegger
_____
Print Name

06/16/2020
_____
Date

**TRN MILWAUKEE, LLC**
**By**

_____
Signature

Fred Berkovits
_____
Print Name

General Counsel
_____
Title

6/16/20
_____
Date

4839-9069-6127, v. 1

| ID Number | Employee | AGGREGATE SETTLEMENT SHARES |
|---|---|---|
| | | $39,333.93 |
| 0157 | Adams, Julie A | $68.72 |
| 102722 | Alexander, Kendra | $1.00 |
| 3186 | Algee, Brittany | $55.15 |
| 102635 | Algee, Brittany | $27.32 |
| 6869 | Almestica-Jackson, Aracelis Al | $189.50 |
| 102729 | Anderson, Alita | $8.31 |
| 3366 | Anderson, Alita | $21.92 |
| 4 | Anderson, Cameo | $75.26 |
| 102834 | Anderson, Cynthia | $4.54 |
| 9277 | Atkins, Jasmine J | $5.60 |
| 0054 | Awiska, Omoshalewa | $2.10 |
| 7048 | Bailey, Brian K K | $763.64 |
| 6469 | Bailey, Sarah J | $19.42 |
| 102642 | Ballard, Crystal | $16.21 |
| 2483 | Banck, Jon | $8.54 |
| 102700 | Barfield, Chequonna | $8.41 |
| 2607 | Barkster, Ashley R | $1.33 |
| 102765 | Barry, Darnesha | $9.21 |
| 7084 | Bath, Marie | $16.81 |
| 3789 | Bean, Tiarra | $429.71 |
| 3220 | Beasley, Patsy | $124.70 |
| 6714 | Behl, Ravi | $661.89 |
| 9027 | Bell, Kisa | $666.16 |
| 102707 | Benoit, Barbara | $37.63 |
| 0632 | Bility, Fatoumata | $32.79 |
| 0851 | Binns, Tequilla S | $0.20 |
| 102652 | Blakes, Charlane | $58.18 |
| 7670 | Blunt, Tiffany | $193.76 |
| 102676 | Boles, Mary Ann | $0.13 |
| 102746 | Bolton, Jayla | $17.61 |
| 0403 | Boose, Whitney | $0.40 |
| 2443 | Boswell, Beverly | $735.82 |
| 4010 | Boyd, Beverly K | $23.82 |
| 7968 | Boyle, Jasmine | $100.95 |
| 102817 | Boyle, Dardi | $47.34 |
| 2319 | Bratchett, Ayanna | $12.51 |
| 102670 | Brewer, Vera | $19.62 |
| 102755 | Brooks, Waynisha | $9.31 |
| 27 | Brown, Dexter | $178.75 |
| 9711 | Brown, Sabree | $59.05 |
| 102787 | Bryant, Celia | $2.40 |
| 102845 | Bully, Nichella | $8.01 |
| 3852 | Bully, Nichella S | $54.08 |
| 30 | Bully, Shondrella | $33.03 |

EXHIBIT 1

| | | |
|---|---|---|
| 102773 | Burdine, Karen | $13.31 |
| 102784 | Burdine, Latoya | $9.27 |
| 102766 | Burgess, Matika | $4.00 |
| 6729 | Burks, Tawanna | $19.48 |
| 4915 | Burns, Shecori S | $9.34 |
| 4051 | Calvin, Lataunja | $4.47 |
| 8944 | Cammon, Tierra | $49.74 |
| 684866 | Campbell, Davetta C | $140.92 |
| 8663 | Campbell, Davetta C | $307.56 |
| 102625 | Canady, Shazonia | $40.67 |
| 2704 | Carroll, Gail M | $62.05 |
| 102667 | Carson, Daltreea | $5.60 |
| 102820 | Carter, Ashley | $2.80 |
| 1508 | Carter, Shantana | $0.53 |
| 3192 | Cato, Julie M M | $142.32 |
| 6926 | chamliss, mariah | $54.55 |
| 8982 | Clark, Maria | $8.71 |
| 34 | Clinton, Annette | $0.60 |
| 7941 | Cobb, Verlisha | $7.61 |
| 6493 | Coleman, Verna | $8.51 |
| 6801 | Coleman, Ashley L | $94.01 |
| 9534 | Coleman, Lesenta m | $80.87 |
| 0317 | Collins, Vernita | $13.71 |
| 3392 | Conley, L'meishea | $10.31 |
| 6097 | Crawford, Rosteasha A | $208.18 |
| 41094 | Crawford, Alice | $1.70 |
| 102687 | Crawford-Hicks, Rosenitia | $16.31 |
| 102797 | Creelman, Lexa | $33.43 |
| 102798 | Cruse, Latoya | $28.22 |
| 102674 | Davidson, Lakeisha | $77.93 |
| 102651 | Davidson, Rebecca | $0.20 |
| 6092 | Davis, Angela | $130.88 |
| 4109 | Davis, Shuntaye | $10.68 |
| 102668 | Davis, Tamara | $21.08 |
| 102776 | Davis, Veronica | $0.10 |
| 0029 | Day, Shemara c | $12.91 |
| 0538 | DeBerry, Lewanna | $250.01 |
| 48 | Dickerson, Rozell | $15.71 |
| 7333 | Dotson, Lititia N N | $3.60 |
| 369369 | Dotson-Jones, Carol | $6.21 |
| 102823 | Dow, Takia | $9.24 |
| 3868 | Duncan, Lakeita | $4.10 |
| 4400 | Dungo, Denise L | $87.87 |
| 9004 | Dymond, October | $23.22 |
| 1532 | Eaton, Katia S | $4.10 |
| 4396 | Edwards, Janine | $26.02 |
| 0095 | Efanga, Victor U | $70.66 |

EXHIBIT 1

| 5578 | Ellis, Jarmaine | $189.56 |
|---|---|---|
| 5285 | Epps, Paula L | $53.24 |
| 102666 | Eubanks, Takeena | $24.32 |
| 9888 | Eubanks, Taneeka Re | $22.12 |
| 4165 | Evans, Chisa S | $351.60 |
| 0060 | Eze, Mathias | $1,647.19 |
| 8095 | Ezell, Kayonnie | $32.83 |
| 2262 | Falconer, Derrick | $31.76 |
| 102701 | Faulkner, Kayla | $7.01 |
| 54043 | Ferguson, Danita | $140.82 |
| 6427 | Foreman, Latanaka | $409.14 |
| 8856 | Fowle, Angela | $206.27 |
| 6853 | Freeman, Shaquan | $37.03 |
| 63 | Garland, Desiree | $24.42 |
| 102693 | Gates, Larrtica | $8.41 |
| 9892 | gebreselassie, maria | $5.20 |
| 3143 | Gibbs, Fantasia | $15.01 |
| 4203 | Gilet, Jeanne H | $109.44 |
| 55576 | Grandberry, Starshia | $1.90 |
| 102698 | Grandberry, James | $1.70 |
| 6082 | Grandberry, James Th | $9.81 |
| 6667 | Green, Tjuana | $18.18 |
| 2689 | Greenlee, Ta-tonna V | $2.80 |
| 8400 | Grubbs, Stacy A | $0.10 |
| 4983 | Guerrero, Sunshine | $5.60 |
| 7466 | Hackett, Deonndray | $73.26 |
| 102647 | Hackett, Regina | $13.81 |
| 3113 | Hamilton, Debra K | $21.62 |
| 9630 | Hampton, Amanda J | $5.40 |
| 69 | Hampton, Raven | $3.20 |
| 3426 | Haralson, Tamara T | $99.68 |
| 102696 | Hardwick, Jandon | $46.37 |
| 102638 | Hardwick, Mercedes | $129.54 |
| 102741 | Harrell, Evelyn | $19.82 |
| 1165 | Harrell, Evelyn B | $321.31 |
| 5576 | Harris, Kelly | $11.48 |
| 7109 | Harris, Tori J J | $393.63 |
| 2867 | Harris, Deatra M | $8.31 |
| 102831 | Harris, Nicole | $6.81 |
| 73 | Harris, Nicole | $20.02 |
| 102712 | Hawthorne, Tanika | $116.80 |
| 3146 | Hayes, Darnise | $0.10 |
| 102795 | Hayes, Tanisha | $1.50 |
| 6733 | Haynes, Keona C | $5.11 |
| 47930 | Heinzen, Sandra D | $2.20 |
| 102618 | Henderson, Tamika | $46.44 |
| 102628 | Hendrix, Jasmine | $53.95 |

EXHIBIT 1

| | | |
|---|---|---|
| 3752 | Hendrix, Jasmine L | $80.37 |
| 102740 | Hendrix, Melody | $111.09 |
| 5957 | Henton, Sharita L | $2.77 |
| 7489 | Hill, Deonna J J | $0.40 |
| 102791 | Hill, Delissa | $16.61 |
| 102804 | Hinkle, Shomonick | $3.60 |
| 6190 | Hodges, Linda | $218.18 |
| 102792 | Holmon, Latasha | $5.60 |
| 6370 | Hopson, Percenia | $268.28 |
| 9639 | Hopson, Percy | $18.22 |
| 77 | Howard, Bobbie | $20.92 |
| 78 | Howard, Linda | $366.21 |
| 3415 | Hudson, Tiffanie S | $3.20 |
| 3362 | Huff, Marshall C | $7.84 |
| 5109 | Hughes, Clarissa | $28.09 |
| 102697 | Hutson-Mallet, Veronica | $145.12 |
| 102781 | Ike, Felicia | $28.42 |
| 82 | Ivy, Jackie | $6.41 |
| 102770 | Jackson, Antionette | $0.50 |
| 102821 | Jackson, Camille | $10.61 |
| 4660 | Jackson, Crystal L | $49.01 |
| 9546 | Jackson, Donesha | $87.01 |
| 4424 | Jackson, Joyce R | $1.20 |
| 3259 | Jackson, Patrice M | $1.60 |
| 102710 | Jackson, Philondashea | $4.00 |
| 1702 | Jackson, Rajanee T | $62.02 |
| 102633 | Jackson, Robyn | $84.57 |
| 85 | James, Nicole | $45.84 |
| 8896 | James, Ralphana | $0.47 |
| 1527 | Jatta, Gwendolyn R | $1.50 |
| 9251 | Jenious, Janell | $21.42 |
| 6096 | Jenkins, Shontell | $16.85 |
| 7207 | Johnson, Arthelia | $1.20 |
| 2022 | Johnson, Eboni | $4.00 |
| 706346 | Johnson, Jeashana M M | $1,023.86 |
| 1443 | Johnson, John | $1,231.28 |
| 4827 | Johnson, Lashawnda R R | $61.65 |
| 6988 | Johnson, Zoetta | $28.66 |
| 69427 | Johnson, Amanda | $48.54 |
| 4809 | Johnson, Anastasia m | $298.85 |
| 3607 | Johnson, Ashley M | $270.93 |
| 0992 | Johnson, Chavon E | $17.61 |
| 91 | Johnson, Marqualett | $8.01 |
| 5770 | Johnson, Monique | $16.61 |
| 3418 | Johnson, Ophelia | $61.85 |
| 1179 | Johnson, Precious L | $1.60 |
| 6225 | Johnson, Stephanie D | $6.11 |

EXHIBIT 1

| | | |
|---|---|---|
| 6708 | Jones, Jefferson | $20.12 |
| 4064 | Jones, Lashena | $385.00 |
| 102788 | Jones, Deneva | $6.21 |
| 3765 | Jones, Deneva K | $8.51 |
| 102774 | Jones, Gladys Nd | $1.20 |
| 0156 | Jones, Sahvanna | $1.60 |
| 2813 | Jones, Samantha D | $13.01 |
| 8537 | Jones, Selena | $4.00 |
| 102813 | Jones, Shamekka | $16.01 |
| 6400 | Joyner, Natasha | $0.20 |
| 28730 | Kelly, Sonya L | $12.78 |
| 2215 | Keys, Monique | $2.64 |
| 7859 | Kingsly, Lourdes T | $2.60 |
| 97 | Knox, Dionne | $1,677.13 |
| 1712 | Lawrence, Heather M | $5.40 |
| 5258 | Leiser, Lori A | $97.42 |
| 3778 | Leverston, Sarah | $0.20 |
| 2010 | Lindsey, Keondra | $68.86 |
| 102624 | Lindsey, Angela | $14.41 |
| 3884 | Lofton, April J | $8.21 |
| 102838 | Lott, Yvonne | $11.21 |
| 102691 | Love, Zenobia S | $119.60 |
| 102718 | Mabey, Kara | $26.29 |
| 6238 | Mack, Jenelle | $79.27 |
| 102717 | Maddox, Georgetta | $263.02 |
| 3835 | Marrufo, Cristal | $99.82 |
| 102811 | MARSHALL, BRITTANY | $12.71 |
| 2462 | Martin, Cassandra L | $2.40 |
| 102726 | Martin, Desiria | $30.63 |
| 8673 | Mason-Samuels, Patricia L | $13.61 |
| 9439 | Massey, Alex | $0.33 |
| 0380 | Maududi, Syed M | $324.27 |
| 7283 | May, Erica | $15.81 |
| 9615 | Mayfield, Sheila | $0.10 |
| 4283 | Mcafee, Latonya | $597.77 |
| 8406 | Mcbeath, Kristi | $193.36 |
| 102654 | Mccoy, Deangelo | $82.97 |
| 6087 | McCray, Courtney | $40.83 |
| 6727 | Mccree, derrisha | $47.94 |
| 630775 | Mcgee, Felicia | $26.06 |
| 114 | McGowan, Lenda | $8.81 |
| 116 | Merrill, Demetria | $290.18 |
| 3035 | Miller, Nicole | $0.60 |
| 5907 | Mix, Talese | $160.64 |
| 118 | Mogilevskiy, Margarita | $89.28 |
| 36974 | Momon, Dierra | $31.56 |
| 7690 | Montgomery, Jamichael | $79.30 |

EXHIBIT 1

| | | |
|---|---|---|
| 6285 | Moore, Dimitria | $8.91 |
| 102826 | Moore, Jonika | $6.31 |
| 2789 | Moore, Lucenda | $230.79 |
| 0734 | Moore, Tawanda D | $98.34 |
| 2801 | Morgan,  Drashane K K | $244.17 |
| 2879 | Morgan, Kadine | $0.27 |
| 0516 | Moss,  Tashina | $83.70 |
| 7420 | Munesy,  Iemthong | $90.88 |
| 15366 | Mwaura, Wachuka | $131.31 |
| 1909 | Nash, Margaret | $0.80 |
| 0590 | Navarro,  Matheresa B B | $10.41 |
| 7041 | Neal, Mary | $48.94 |
| 9678 | Nelson,  Richard C C | $80.60 |
| 9542 | Newson,  Markeisha | $194.23 |
| 102735 | Newson, Elaine | $9.21 |
| 4667 | Newson, Elaine J | $13.51 |
| 102619 | Newson, Silvia | $516.03 |
| 3701 | Newton, Lenny | $16.21 |
| 8241 | Nimock,  Courtney | $35.93 |
| 1175 | Ntaba, Mervin K | $689.98 |
| 102756 | Nunn, Nicole | $98.78 |
| 102630 | Nwachukwu, Basil | $209.78 |
| 102727 | Nwanjah, Chika | $9.81 |
| 125 | Nwanjah, Chika | $167.34 |
| 3320 | O'conner, Charmaine M | $6.71 |
| 102662 | Ohanaka, Victoria | $64.85 |
| 102631 | Oliver, Chiquila | $8.41 |
| 102673 | Omereonye, Gold | $5.20 |
| 102657 | Parchment, Ann | $372.31 |
| 5524 | Pareja,  Vivian M | $339.22 |
| 102649 | Parker, Jacqueline | $75.46 |
| 4145 | Parker, Latavia | $198.33 |
| 102702 | Payne, Ania | $0.10 |
| 1713 | Pearson, Kimberly | $3.74 |
| 102752 | Peete, Julie | $0.10 |
| 2739 | Penney, JoAhne C | $48.84 |
| 102690 | Perry, Kathern | $10.94 |
| 4903 | Peters, Althea | $16.21 |
| 5956 | Peterson, Anysa | $5.57 |
| 4793 | Pettigrew, Peggy J | $149.29 |
| 4034 | Petty, Keanda | $2.64 |
| 102803 | Phillips, Alecea | $5.60 |
| 7813 | pinkerton, Latesha | $6.61 |
| 102748 | Pirtle, Kelly | $42.74 |
| 1313 | Pirtle, Laterrica L | $42.94 |
| 102720 | Pollard, Adrea | $62.65 |
| 102708 | Pollard, Alicia | $112.29 |

EXHIBIT 1

| | | |
|---|---|---|
| 133 | Pollard, Alicia | $48.24 |
| 102704 | Poston, Shania | $17.21 |
| 2347 | Powell, Stephanie | $20.22 |
| 102772 | Price, Carolyn | $4.60 |
| 6346 | Price, Carolyn | $14.81 |
| 102684 | Price, Jennifer | $5.34 |
| 5586 | Puente, Maria J | $8.21 |
| 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 | Rave, Mekeda N | $141.65 |
| 7839 | Ray, Tijuana Te | $46.54 |
| 2279 | Raymond, Jennifer S | $160.67 |
| 102678 | Redmond, Maurcine | $137.12 |
| 138 | Redmond, Maurcine | $362.51 |
| 102661 | Redus-Townes, Brittany | $102.19 |
| 102632 | Reed, Gregory | $2.80 |
| 6992 | Reed, Keiondra C | $2.00 |
| 102816 | Reynolds, Jessica | $2.70 |
| 8435 | Reynolds, Victoria | $35.03 |
| 7940 | Rhodes, Anita | $7.24 |
| 4534 | Rice, Mary L | $0.07 |
| 102650 | Richardson, Klemisha | $2.20 |
| 2559 | Richardson, Robyn | $2.80 |
| 8664 | Riley, Jacquaelyn T | $1.80 |
| 5008 | Riley, Randal | $12.01 |
| 5340 | Rimmer, James E E | $430.96 |
| 9652 | Rivera, Santana | $0.90 |
| 8304 | Robbins, Kimberly | $19.00 |
| 7400 | Roberson, Demetria D | $473.20 |
| 2439 | Roberts, Kadidra Y | $130.91 |
| 102764 | Robertson, Jennifer | $53.28 |
| 102655 | Robertson, Pamela | $0.20 |
| 102736 | Robertson, Tommie | $99.92 |
| 0050 | Robinson, Danielle | $2.00 |
| 8616 | Robinson, Sylvannah | $2.80 |
| 1094 | Rollins, Yolanda R | $22.62 |
| 5856 | Russell, Lee L | $21.38 |
| 1448 | Salton, Joshelyn O | $6.14 |
| 8685 | Sanders, Tamieka | $24.12 |
| 102843 | Saulsberry, Shanika | $1.40 |
| 2197 | Schlangen, Amy | $63.25 |
| 5873 | Scott, Brittany | $70.56 |
| 102794 | Scott, Marshae | $5.10 |
| 6051 | Sellers, Tasheila | $9.34 |
| 153 | Sewell, Katherine | $403.27 |
| 6045 | sewell, tamika n | $6.61 |
| 9497 | Shavers, Alice S | $158.40 |
| 155 | Shaw, Martha | $81.10 |
| 3189 | Sihamath, Katrina | $45.44 |

EXHIBIT 1

| | | |
|---|---|---|
| 3644 | Simmons, Lashanda | $1.00 |
| 102709 | Smith, Diamond | $57.35 |
| 9388 | Smith, Leatryce R | $25.02 |
| 157 | Smith, Shirley | $68.72 |
| 7653 | Spears, Jennifer | $7.24 |
| 2454 | Spencer, Zaire K | $9.71 |
| 8345 | Stamps, Sheryl | $46.94 |
| 9753 | Stanley, Amanda | $4.80 |
| 102734 | Staples, Latasha | $120.47 |
| 159 | Steele, Barbara | $158.73 |
| 8312 | Stewart, Miracle | $15.51 |
| 9663 | Stingley, Sherika N | $0.27 |
| 7652 | Sturgies, katina | $24.32 |
| 1190 | Swift, Shakira | $6.21 |
| 102744 | Tatum, Jennifer | $49.44 |
| 258 | Tatum, Sonia | $0.27 |
| 160 | Taylor, DeWanna | $1,539.10 |
| 4493 | Taylor, Kimala | $0.73 |
| 1831 | Taylor, Lisa | $2.80 |
| 102648 | Tesfatsion, Alem | $0.60 |
| 0347 | Thomas, Chantrell | $495.22 |
| 102646 | Thomas, Jasmine | $2.94 |
| 102733 | Thomas, Lacreshia | $92.08 |
| 3719 | Thomas, Tatiana L | $14.01 |
| 9814 | Thompson, Shakia | $35.43 |
| 0544 | Thompson, Tressa | $12.71 |
| 102711 | Todd, Lashonda | $100.88 |
| 102753 | Tolbert, Kyvonne | $79.47 |
| 4858 | Toney, Lawanda | $0.60 |
| 5159 | Townes, Darnickka K | $2.80 |
| 5800 | Townsend, Jamelia | $11.98 |
| 786417 | Trotter, Sherry | $75.16 |
| 168 | Trunnell, Natasha | $24.52 |
| 3102 | Tucker, Karen D | $52.04 |
| 3215 | Turchin, Anne M | $7.21 |
| 9189 | Turner, Areyon Q | $0.33 |
| 169 | Van Kammen, Jacki | $0.20 |
| 0558 | Vance, Alexis | $8.41 |
| 170 | Vance, Tiffany | $0.40 |
| 102751 | Vanvooren, Shyanne | $5.80 |
| 510029 | Vaughn, Rochelle | $64.92 |
| 8809 | Veasy, Kyontah N N | $2,726.90 |
| 3578 | Villegas, Tatiana M M | $420.25 |
| 0820 | Walker, Simone | $16.91 |
| 7442 | Walker, LaVette | $2.60 |
| 102634 | Wallace, Dominique | $150.66 |
| 8380 | Wallace, Dominique | $32.13 |

EXHIBIT 1

| | | |
|---|---|---|
| 171 | Wallace, Veronica | $154.13 |
| 102680 | Ward, Charletta | $46.34 |
| 7472 | Ward, Vercarre L | $3.60 |
| 900054 | Washington,  Tashanda | $95.21 |
| 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 | Washington, Malissa | $4.00 |
| 5366 | Watts, Keony | $2.00 |
| 3677 | Weathersponn, Trina C | $6.81 |
| 102677 | Weaver, Cecil | $4.20 |
| 174 | Wells,  Monica | $807.88 |
| 102806 | Whitaker, Ashley P | $13.81 |
| 4013 | White, Leyanna | $0.50 |
| 102622 | Whitlow, Jasmine | $2.10 |
| 8717 | Wideman,  Mary | $744.59 |
| 7596 | Wilbert, Chelast | $3.00 |
| 102782 | Wilder, Tamiko | $97.08 |
| 177 | Wilkerson,  Ronald | $217.62 |
| 1051 | Wilkins, Naomi | $2.80 |
| 77260 | Williams, Antoinette | $238.20 |
| 5119 | Williams, Babette C | $94.91 |
| 102769 | Williams, Brendette | $4.40 |
| 102809 | Williams, Deundre T | $26.82 |
| 9137 | Williams, Georgia L | $8.47 |
| 6877 | Williams, Latrell S | $5.90 |
| 5559 | Williams, Muriel | $7.74 |
| 1120 | Williams, Starlisha | $2.80 |
| 180 | Williams-Godbolt,  Donish | $133.88 |
| 102824 | Willingham, Kizzie | $1.20 |
| 102827 | Willingham, Roxie | $2.80 |
| 102644 | willis, Quintin | $11.21 |
| 6406 | Winzer,  Ondria | $89.58 |
| 102723 | Winzer, Pamela | $0.40 |
| 2404 | Woods, Angela | $0.30 |
| 1533 | Woodson, Danishia R | $241.34 |
| 7715 | Wright, Laporchea | $1.00 |
| 0421 | Yankey, Francis K | $17.41 |
| 102745 | Yegger, Nande | $53.55 |
| 6971 | Young,  Fredeeda | $2.60 |
| 5629 | Young, Yanna | $17.41 |
| 1855 | Zamiatowski-Powell, Pamela A | $49.24 |
| 4795 | Zamora,  Gloria | $169.74 |
| 2292 | Zollecoffer, Alexus | $32.03 |

EXHIBIT 1

**NOTICE OF SETTLEMENT**

*Nande Yegger v. TRN Milwaukee, LLC*
**Case No. 20-cv-144 (E.D. Wis.)**

A settlement (the "Settlement") has been reached in the lawsuit currently pending in the United States District Court for the Eastern District of Wisconsin entitled *Nande Yegger v. TRN Milwaukee, LLC*, Case No. 20-cv-144 (the "Lawsuit"). As explained in more detail below, to participate in the Lawsuit and receive a portion of the Settlement, YOU must submit a properly completed Consent Form and IRS Form W-9 (enclosed) by **[INSERT DATE 30 DAYS FROM DATE NOTICE WAS SENT]**. If you fail to submit the valid Consent Form and IRS Form W-9 in time, you will receive nothing under this Settlement.

| **A.** | **PURPOSE OF THIS NOTICE** |
|---|---|

The Court has approved, for settlement purposes, distribution of this notice to the following potential members of the collective action ("Potential Claimants"):

> All current and former hourly-paid non-exempt employees employed by TRN Milwaukee, who (i) were employed on or after January 1, 2017, (ii) received non-discretionary bonuses or shift differentials, and (iii) worked more than forty (40) hours in any of the workweeks during a week in which the non-discretionary bonus or shift differential was earned.

According to TRN Milwaukee's records, you are a Potential Claimant and may be eligible to participate in the Settlement. The purpose of this Notice is to inform you about the Settlement and to discuss your rights and options with respect to the Lawsuit and the Settlement.

| **B.** | **DESCRIPTION OF THE LAWSUIT** |
|---|---|

The Lawsuit was filed in the United States District Court for the Eastern District of Wisconsin by Nande Yegger ("Plaintiff") against TRN Milwaukee, LLC ("Defendant"). Plaintiff alleges on behalf of herself and others that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Wisconsin wage payment and overtime laws, Wis. Stat. Chapters 103 & 109, by failing to include the value of non-discretionary bonuses and shift differentials in the regular rate of pay, resulting in an underpayment of overtime. Defendant denies the allegations and asserts, among other defenses, that Plaintiff and all others were properly paid for all overtime hours.

This Settlement is the result of arms-length negotiations between the Plaintiff and the Defendant and their respective attorneys. Both sides agree that this Settlement is fair and appropriate under the circumstances to resolve any unpaid overtime claimed.

**EXHIBIT 2**

The attorney for the Plaintiff and Potential Claimants in the Lawsuit ("Plaintiff's Counsel") is:

Scott S. Luzi
Walcheske & Luzi, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005

The attorney for Defendant is:

Tony H. McGrath
Jackson Lewis P.C.
1 South Pinckney Street, #930
Madison, WI 53703

On _____, 2019, the Court granted approval of the proposed Settlement.

| C. | SUMMARY OF TERMS OF THE SETTLEMENT |
|---|---|

The material terms of the Settlement are as follows:

1. Defendant will pay each Potential Claimant who submits a valid, timely Consent Form and IRS Form W-9 an amount based on a formula that takes into account (i) the number and amount of non-discretionary bonus(es) and shift differentials received by the Potential Claimant between January 1, 2017 and January 25, 2020 (the "Settlement Period"), (ii) the number of overtime hours that the Potential Claimant worked during these workweeks, and (iii) the individual Potential Claimant's then-current hourly rate of pay.

2. Potential Claimants who submit timely and valid Consent Form and IRS Form W-9 (enclosed with this Notice) will receive payment based upon the formula, as more fully explained below.

3. Each Potential Claimant who participates in the Settlement must sign the Consent Form, and by receiving payment from the Settlement shall be deemed to release and discharge Defendant for all claims, liabilities, and causes of action of every nature and description whatsoever by such Potential Claimant related to any claim for unpaid wages, overtime wages, minimum wages and/or liquidated damages, including such claims as they arise out of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, that accrued through the end of the Settlement Period during the period he/she was employed by Defendant, including without limitation, claims for wages, premium pay, overtime pay, penalties, liquidated damages, punitive damages, interest, attorneys' fees, and litigation costs. **No Potential Claimant will be discriminated or retaliated against for participating in the Settlement**.

EXHIBIT 2

| D. | TO RECEIVE A SETTLEMENT PAYMENT |
|---|---|

In order to receive a payment under the Settlement, you must **_fully and accurately_** complete, sign and mail or fax the enclosed Consent Form and W-9 Form to the Plaintiff's Counsel at the address listed below. Completed Consent Forms can only be accepted by Plaintiff's Counsel at the address listed below. **Your Consent Form must be faxed or post-marked no later than [INSERT DATE 30 DAYS AFTER DATE NOTICE WAS SENT].** Late or incomplete Consent Forms will not be honored.

Plaintiff's Counsel to whom all forms and questions should be directed is:

> Scott S. Luzi
> Walcheske & Luzi, LLC
> 15850 W. Bluemound Road, Suite 304
> Brookfield, Wisconsin 53005
> E-Mail: sluzi@walcheskeluzi.com
> Fax: (262) 565-6469

| E. | YOUR SHARE OF THE SETTLEMENT |
|---|---|

Should you choose to opt into this lawsuit and comply with the requirements set forth herein, your individualized Settlement Payment amounts to approximately $_____. For tax purposes, 67% of the individualized Settlement Payment will be treated as wages and subject to income tax withholdings and deductions and for which you will receive an IRS Form W-2. This check will be issued by Defendant' payroll processor. The remaining 33% of the individualized Settlement Payment will be classified as payment of liquidated damages and/or prejudgment interest, which are not subject to income tax withholdings and deductions but for which you will receive an IRS Form 1099. Additionally, you will receive an IRS Form 1099 for your share of the attorney's fees and costs awarded in this matter.

| F. | ADDITIONAL INFORMATION |
|---|---|

If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify Plaintiff's Counsel at the above address and telephone number. **PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

| G. | REMINDER AS TO TIME LIMITS |
|---|---|

If you wish to submit a claim and receive benefits under the Settlement, you must complete and return the enclosed Consent Form and IRS Form W-9 to Plaintiff's Counsel. **Your Consent Form and Form W-9 must be faxed or post-marked on or before [INSERT DATE 30 DAYS AFTER DATE NOTICE WAS SENT] and must be fully completed.** Failure to submit a valid Consent Form timely will waive any claim to participate in the Settlement.

EXHIBIT 2

**INSTRUCTIONS REGARDING CONSENT FORM**

YOU MUST <u>COMPLETE</u>, <u>SIGN</u>, AND <u>MAIL OR FAX</u> THIS FORM ("CONSENT FORM") AND EXECUTED FORM W-9 TO PLAINTIFF'S COUNSEL ON OR BEFORE <mark>_____, 20__</mark>, ADDRESSED AS FOLLOWS, IN ORDER TO RECEIVE A PORTION OF THE SETTLEMENT.

---

MAIL, E-MAIL, OR FAX TO:

SCOTT S. LUZI
WALCHESKE & LUZI, LLC
15850 W. BLUEMOUND ROAD, SUITE 304
BROOKFIELD, WISCONSIN 53005
E-MAIL: SLUZI@WALCHESKELUZI.COM
FAX: (262) 565-6469

---

1.    Please complete and sign this Consent Form and mail or fax it to the address or facsimile number listed above in order to be eligible for payment from the Settlement.

2.    It is your responsibility to keep a current address on file with Plaintiff's Counsel. Plaintiff's Counsel may be reached by phone at (262) 780-1953or via mail and/or e-mail at the addresses listed above.

You should not expect to receive any payment for approximately 90 days.

EXHIBIT 2

## CONSENT FORM

### *Nande Yegger v. TRN Milwaukee, LLC*
### Case No. 20-cv-144 (E.D. Wis.)

**I.     CLAIM INFORMATION**

**YOU MUST TIMELY COMPLETE, SIGN, AND RETURN THIS CONSENT FORM TO PARTICIPATE IN THE MONETARY SETTLEMENT FROM DEFENDANT. BY COMPLETING AND SIGNING THIS FORM, YOU ARE VERIFYING THAT YOU WERE EMPLOYED IN A NON-EXEMPT POSITION DURING THE SETTLEMENT PERIOD, WHICH IS BETWEEN JANUARY 1, 2017 AND JANUARY 25, 2020.**

Your potential portion of the Settlement is based on (i) the number and amount of non-discretionary bonus(es) and shift differentials you received during the Settlement Period, (ii) the number of overtime hours you worked during the Settlement Period, and (iii) your hourly rate of pay. The Settlement formula is more fully described in the Notice of Settlement.

**II.     CONSENT TO JOIN**

1)     I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), and the Wisconsin wage payment and overtime laws, Wis. Stat. Chapters 103 & 109, to recover overtime wages on behalf of employees who, during the Settlement Period, received non-discretionary bonuses and shift differentials that were allegedly not properly included in the regular rate of pay, resulting in an underpayment of overtime. By joining the above-referenced lawsuit filed in the United States District Court for the Eastern District of Wisconsin, entitled *Nande Yegger v. TRN Milwaukee, LLC, et al.* Case No. 20-cv-144 (the "Lawsuit"), I hereby consent and agree to resolve any claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Wisconsin wage payment and overtime laws, Wis. Stat. Chapters 103 & 109, against Defendant arising out of my employment with Defendant. By joining the above-referenced lawsuit, I hereby opt-in to become a plaintiff in the Lawsuit to share in the settlement.

2)     I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective action settlement herein approved by my attorney and the Named Plaintiff, and approved by this Court as fair, adequate, and reasonable.

3)     I hereby designate the law firm of Walcheske & Luzi, LLC to represent me in this Settlement.

EXHIBIT 2

## III.   WAIVER AND RELEASE

In exchange for the payment to be issued to me as described in Section I of this Consent Form, and by my signature below, I hereby fully, completely, knowingly, and voluntarily release and covenant not to sue Defendant, and their parent companies, divisions, subsidiaries, joint employers, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, attorneys, employees, agents, and representatives (collectively, the "Released Persons") from/for any and all past and present matters, claims, demands, and causes of action for unpaid wages, minimum wages, overtime pay, wage complaint retaliation, liquidated damages, penalties, attorneys' fees and costs, and interests under the FLSA, 29 U.S.C. § 201, et. seq.; Chapters 103, 104, 109, and 111 of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code, or common law, which I have or might have, known or unknown, that has arisen or could have arisen at any time from the commencement of my employment with Defendant up to the date of my signature on this Consent Form.

## IV.   ACCEPTANCE OF SETTLEMENT

I accept the Settlement as set forth above in complete satisfaction of the claims alleged in the Lawsuit for overtime wages under the Fair Labor Standards Act against Defendant between January 1, 2017 and the date of my signature on this Consent Form.  I am accepting this Settlement freely and voluntarily and fully understand the terms of the settlement.  I further acknowledge and agree that the attorneys' fees and costs of $23,167.67 [update based on Court approval] are being paid from the Settlement, according to the terms of the Settlement Agreement with no further obligation by me. I further understand and acknowledge that the monies paid to me and to Plaintiff's Counsel on my behalf in settlement of the Lawsuit are reportable and may be taxable and that I am responsible for declaring them on my annual tax return(s) and consulting an independent tax professional as needed.  Neither Defendant, Defendant' attorneys, nor Plaintiff's Counsel are tax professionals and they do not make any representation as to the taxability of the amounts paid to me.  I agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, I agree to indemnify the Released Persons and Plaintiff's Counsel and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to me or my attorney under the terms of this Agreement.

I further represent that the wage and non-wage payments being made to me as part of this Settlement are not subject to any lien, garnishment or other claim, except as I have written on the following lines (use a continuation sheet if needed):

_____

_____.

EXHIBIT 2

**SIGN AND COMPLETE ALL INFORMATION**:

_____

Signature

_____

Printed Name (First, Middle Last)

_____

Former Names (if any used during employment with Defendant)

_____

Street Address

_____

City             State      Zip Code

_____

Email Address

_____    _____    _____

Telephone No. (Work)      Tel. No. (Home)      Tel. No. (Mobile)

**COMPLETE, SIGN, AND MAIL OR FAX TO:**

Scott S. Luzi
Walcheske & Luzi, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
E-Mail: sluzi@walcheskeluzi.com
Fax: (262) 565-6469

4838-8092-3327, v. 1

3

EXHIBIT 2